IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MELISSA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-1098-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for social security disability benefits. Plaintiff asserts disability beginning September 1, 1986 due to hearing loss, borderline intellectual functioning, attention deficit disorder, illiteracy, and personality disorder. After a hearing, the administrative law judge (ALJ) determined that plaintiff is not

1 - ORDER

disabled.

Plaintiff contends the ALJ erred in: (1) rejecting limitations noted by Dr. Katherine Wheeler; (2) rejecting limitations in reading and writing; (3) failing to addresses limits associated with attention deficit disorder; (4) failing to pose a complete and proper hypothetical to the vocational expert; and (5) relying on erroneous vocational expert testimony.

1.   Dr. Wheeler

Dr. Wheeler completed a psychological evaluation of plaintiff on February 12, 2003 and found plaintiff to be markedly limited in her ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting and her ability to control physical or motor movements and maintain appropriate behavior. Tr. 158.  The ALJ rejected this assessment reasoning that it was inconsistent with Dr. Wheeler's narrative report and mental status exam.

The ALJ noted that Dr. Wheeler found plaintiff to be alert, and oriented to time, place and person.  Tr. 16, 160.  The ALJ further noted findings of appropriate grooming, being cooperative, being wiggly, average speech, no suicidal or homicidal ideation, impaired fund of knowledge, reluctance to put forth answers, intact concentration with fair comprehension, intact judgment with poor insight, concrete abstraction, appropriate thought content, no

2 - ORDER

perceptual or sensory disturbances, expansive mood with incongruent affect, history of domestic violence, fair verbal impulse control, and no marked impairments of daily activities. Tr. 16, 160-62. The ALJ also noted that Dr. Wheeler detected that plaintiff had mild situational depressed mood, felt antsy, has moderate verbal and physical anger, mild motor agitation, and global illness. In addition, Dr. Wheeler noted that plaintiff is very immature, impulsive, is afraid to attempt things, and needs to develop work skills and appropriate social behavior. Dr. Wheeler found plaintiff to be a better vocational rehabilitation referral than supplemental security income candidate. Tr. 16, 156-162.

In reviewing Dr. Wheeler's assessment, the ALJ essentially substituted his own assessment for that of Dr. Wheeler to reach a different conclusion based on the same evaluation. The ALJ merely states his conclusion and does not state why he finds the evaluation and conclusions to be inconsistent.

Where an ALJ chooses to disregard the opinion of a examining physician, he must set forth clear and convincing reasons for doing so if the physician's opinion is not contradicted by another doctor. Smollen v Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). If the physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Id. To meet this burden, the ALJ must set

3 - ORDER

out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings.   Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."  Id.

Even accepting Dr. Wheeler's assessment, it does not appear that the vocational expert opined its impact.  A remand is necessary to assess Dr. Wheeler's opinion and the impact of the noted marked limitations on plaintiff's ability to work.


2.   Limitations in Reading and Writing

Plaintiff testified that she is functionally illiterate. Plaintiff's mother testified that plaintiff cannot read.  Dianna Titus of the Department of Human Services noted that during a job search, plaintiff contacted her several times to find out what words meant on applications (Tr. 209), that she could not read words perspective employers wanted her to memorize (Tr. 210), and that plaintiff is unable to read and write (Tr. 211).  The ALJ apparently rejected the limitation of inability to read or write based on plaintiff completing a five page form concerning relapse prevention. Tr. 18, 188-192.  While it does appear that plaintiff completed this form in her own writing, she also testified that it took her one month to complete the form with the aid of others in reading it to

her. Tr. 233-35. The ALJ did not address this, but did ask the vocational expert to opine as to a limitation of reading at the second grade level. Tr. 249. The record is not clear if the ALJ accepted plaintiff's reading limitations at arriving at a conclusion she could read at a second grade level or how he arrived at that conclusion. A remand is necessary to address the issue of plaintiff's ability to read, at what level, and what impact that has on her ability to work.[1]

### 3. Attention Deficit Disorder

Plaintiff contends that the ALJ never addressed the diagnosis of attention deficit disorder. However, the ALJ did include a limitation of simple, 1-3 step, tasks and occasional interaction with others. Tr. 21.

### 4. Complete Hypothetical

To the extent the ALJ failed to completely address plaintiff's reading difficulties and marked limitations noted by Dr. Wheeler, the hypothetical is inadequate. A remand is necessary to address these issues and obtain appropriate vocational testimony.

---

[1] Assuming a second grade reading level, the vocational expert testified that such a limit would "not really" preclude the identified jobs. Tr. 249. A clearer record on this issue is necessary with respect to plaintiff's credibility on this issue and the precise limits plaintiff experiences with respect to reading and writing.

5 - ORDER

5.  Vocational Testimony

Plaintiff argues that the vocational expert's testimony contradicts the Dictionary of Occupational Titles (DOT). To the extent the vocational expert relied on the hypothetical posed by the ALJ, the expert did not opine contrary to the DOT. Even if he had, a vocational expert may testify contrary to the DOT if persuasive evidence supports the deviation. See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). Given the other deficiencies noted in the record above, to the extent necessary, the remand can address any alleged inconsistencies between the DOT and the vocational expert's testimony. See Light v. Social Security Administration, 119 F.3d 789, at 793 (9th Cir. 1997) (failure to explain departure from the DOT warranted remand).

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989). Remand for further proceedings is appropriate in this case for the reasons stated above.

6 - ORDER

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings to address the deficiencies noted above.

DATED this __12th__ day of __May__, 2006.

                                        s/ Michael R. Hogan
                                        UNITED STATES DISTRICT JUDGE

7 - ORDER